UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEANNE HITE, on behalf of herself and all others similarly situated, | ) ) | CASE NO. 5:17-cv-199 |
| | ) | JUDGE BENITA Y. PEARSON |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| HOMETOWN CARE, LLC, | ) ) ) | **ORDER OF DISMISSAL AND APPROVING CONFIDENTIAL SETTLEMENT** |
| Defendant. | ) | |

This matter is before the Court on Plaintiff and Defendant Hometown Care, LLC's ("Defendant") Joint Motion for Approval of Confidential Stipulation of Settlement and Release Under Seal ("Joint Motion") pursuant to § 16(b) of the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). The Joint Motion asks the Court to approve, as fair and reasonable, the proposed Settlement reached by the Parties and memorialized in the Confidential Stipulation of Settlement and Release ("Settlement" or "Agreement") attached to the Joint Motion as Exhibit A.

Having reviewed the Joint Motion, the Agreement and its Exhibits, including the Declaration of Hans A. Nilges, and the pleadings and papers on file in this Action, and for good cause established therein, the Court enters this Stipulated Order of Dismissal and Approving Confidential Settlement, the Agreement and its Exhibits, the proposed Notice, the proposed Consent and Release Form, the proposed allocation and calculation of Individual Payments, the proposed Service Award to the Representative Plaintiff, and the proposed attorneys' fees and expense reimbursements to Class Counsel, as follows:

1. The captioned Action asserts wage-and-hour claims under the FLSA, 29 U.S.C. §§ 201-219, as well as Ohio wage-and-hour statutes, O.R.C. §4111.03 and O.R.C. §4113.15, against Hometown Care, LLC.

2. On January 31, 2017, Representative Plaintiff Jeanne Hite filed this Action alleging that Defendants failed to pay her overtime compensation at the rate of one and one-half times her regular rate of pay for the hours she worked over 40 each workweek, in violation of the FLSA and Ohio wage-and-hour statutes.

3. Between June 2016 and January 2017, the Parties engaged in an informal yet comprehensive exchange of information regarding Plaintiff's claims and Defendant's defenses to such claims.

4. On January 16, 2017, the parties reached an agreement to settle the Action under the terms set forth in the Agreement attached to the Parties' Joint Motion as Exhibit A.  The proposed Settlement eliminates the time, cost, and uncertainty of further litigation.

5. The Settlement will cover Representative Plaintiff and all of the Eligible Settlement Participants who elect to participate in the Settlement by timely signing and returning Consent and Release Forms ("Class Members").

6. To receive an Individual Payment, the Eligible Settlement Participants must sign and return the Consent and Release Form attached as Exhibit B to the Parties' Joint Motion for Approval of Confidential Stipulation of Settlement and Release Under Seal.  The Eligible Settlement Participants may return Consent and Release Forms to Class Counsel within thirty (30) days after the mailing of the notice.  The Consent and Release Forms must be signed electronically (eSigned) via PDF, postmarked, faxed or emailed to Class Counsel within the thirty (30)day opt-in period to be timely.

7. The Settlement Agreement provides that, in consideration of the Total Eligible Settlement Payment, the claims of the Representative Plaintiff and Eligible Settlement Participants who elect to participate in the Settlement by signing and returning Consent and Release Forms are to be dismissed with prejudice.

8. The Court finds that the proposed Settlement is fair and reasonable and satisfies the standard for approval under § 16(b) of the FLSA, 29 U.S.C. § 216(b). The Court finds that the Settlement resulted from arms-length negotiations between experienced counsel after substantial investigation. Class Counsel has informed the Court that they believe the Settlement is fair, reasonable, and adequate and in the best interests of the Representative Plaintiff and Eligible Settlement Participants. The Court has considered all relevant factors, including the risk, complexity, expense, and likely duration of the litigation; the extent of investigation; the amount offered in the Settlement; and the experience and views of counsel for the Parties.

9. The Court approves the Agreement and its Exhibits, including the proposed Notice and the proposed Consent Form, and orders that the Settlement be implemented according to the terms and conditions of the Agreement and as directed herein. The Court grants final approval of the Settlement as to the Representative Plaintiff and all Eligible Settlement Participants who elect to participate in the Settlement by timely signing and returning a Consent and Release Form.

10. The Court finds that the proposed allocation and calculation of the Individual Payments to Class Members are fair and reasonable. The Court approves the method of calculation and proposed distribution of the Individual Payments and orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in the Agreement.

11. The Court approves the Class Representative Payment to Representative Plaintiff Jeanne Hite in recognition of Representative Plaintiff's service in the Action, and orders that such payment be made in the manner, and subject to the terms and conditions, set forth in the Agreement.

12. The Court approves the payment of attorneys' fees and costs to Class Counsel as provided in the Agreement, and orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement.

13. The Court dismisses the claims of the Representative Plaintiff and Eligible Settlement Participants who timely sign and return Consent and Release Forms with prejudice, and enters final judgment dismissing them from the Action. The Court finds there is no just reason for delay and directs the Clerk of the Court to enter this stipulated Order of Dismissal and Approving Confidential Settlement immediately.

14. The Court retains jurisdiction over the Action to enforce the terms of the Settlement, including the notice administration, addition of Class Members and distribution process.

**SO ORDERED:**

Date: February 21, 2017

*/s/ Benita Y. Pearson*
Honorable Benita Y. Pearson
United States District Judge

**SO STIPULATED:**

*/s/Hans A. Nilges*
Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
NILGES DRAHER LLC
7266 Portage St NW
Suite D
Massillon, Ohio 44646
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: sdraher@ohlaborlaw.com
hans@ohlaborlaw.com

*Counsel for Plaintiff and Class Members*

*/s/ Jaime U. Kolligian*
John W. McKenzie (0059266)
Jaime U. Kolligian (0082083)
KASTNER WESTMAN & WILKINS, LLC
3550 West Market Street, Suite 100
Akron, Ohio 44333
Telephone: (330) 867-9998
Facsimile: (330) 867-3786
Email: jmckenzie@kwwlaborlaw.com
jkolligian@kwwlaborlaw.com

*Counsel for Defendant*